UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-00061-FMO (KK) | Date | January 15, 2016 |
|---|---|---|---|
| Title | Eric Hidalgo v. Neil McDowel | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed For Failure to Exhaust

# I.
# INTRODUCTION

On December 30, 2015, Petitioner, an inmate at Ironwood State Prison proceeding pro se and in forma pauperis, constructively filed[1] a Petition pursuant to 28 U.S.C. section 2254. See ECF Docket No. ("dkt.") 1. Petitioner challenges his 2013 conviction in the Los Angeles County Superior Court for "oral copulation by acting in concert w[ith] force . . . forcible rape in concert, and sodomy by acting in concert w[ith] force" in violation of California Penal Code sections 288a(d)(1), 264.1(a), and 286(d)(1). Id. at 2. The Petition sets forth three grounds for habeas relief: (1) "denial of Mayberry[2] instruction" ("Claim One"); (2) ineffective assistance of counsel for conceding "that the instruction should have not been given, [and] the failure to challenge the prejudicial jury instruction" ("Claim Two"); and (3) ineffective assistance of counsel for not properly informing Petitioner "of plea deals offered by prosecution" ("Claim Three"). Id. at 5-6. Petitioner acknowledges Claims Two and Three are unexhausted. See Pet. at 6-7.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on December 30, 2015. ECF Docket No. ("dkt.") 1, Pet. at 8. Thus, the Court deems December 30, 2015 the Petition's filing date.

[2] People v. Mayberry, 15 Cal. 3d 143, 542 P.2d 1337 (1975).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-00061-FMO (KK) | Date | January 15, 2016 |
|---|---|---|---|
| Title | Eric Hidalgo v. Neil McDowel | | |

Petitioner concurrently filed a Motion for Stay and Abeyance ("Motion"), requesting a stay pursuant to Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005) ("Rhines stay"). See Dkt. 3. On January 14, 2016, the Court denied Petitioner's Motion. Dkt. 5. Therefore, the Petition appears subject to dismissal because, as indicated in the Petition, Petitioner has not exhausted his state remedies with respect to Claims Two and Three. The Court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

Accordingly, the Court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing no later than **February 5, 2016**. The Court further directs Petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II.
## THE PETITION IS A MIXED PETITION SUBJECT TO DISMISSAL

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-00061-FMO (KK) | Date | January 15, 2016 |
|---|---|---|---|
| Title | Eric Hidalgo v. Neil McDowel | | |

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Here, Petitioner concedes Claims Two and Three are unexhausted.  Dkt. 3 at 3; Pet. at 6-7. Thus, the Petition is a mixed petition and subject to dismissal without prejudice. See Rose, 455 U.S. at 522.

### III.
### PETITIONER'S OPTIONS

**Option 1 - Petitioner May Explain Claims Two and Three are Exhausted**:  If Petitioner contends he has in fact exhausted his state court remedies on Claims Two and Three, he should clearly explain this in a response to this Order.  Petitioner should attach to his response copies of any documents establishing that Claims Two and Three are indeed exhausted.  Petitioner may also file a response, and include a notice that, if the court still finds Claims Two and Three to be unexhausted, he alternatively selects one of the other options discussed below.

**Option 2 - Petitioner May Proceed Only On Exhausted Claim One**:  Petitioner may file a First Amended Petition that includes only the exhausted Claim One.  The Court advises Petitioner that if he elects to proceed now with only his exhausted claim, any future habeas petitions containing Claims Two and Three or other claims that could have been raised in the instant Petition may be rejected as successive or may be time-barred.

**Option 3 - Petitioner May Request A *Kelly* Stay**:  Petitioner may file a Motion for a Stay pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003) ("Kelly stay").  Petitioner must attach to his Motion a copy of the proposed First Amended Petition that includes only the exhausted Claim One, which the Court will file if the Court grants Petitioner's Motion for a Stay.

Pursuant to Kelly, 315 F.3d at 1063, if a petitioner dismisses a mixed petition's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-00061-FMO (KK) | Date | January 15, 2016 |
|---|---|---|---|
| Title | Eric Hidalgo v. Neil McDowel | | |

unexhausted claims, the court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court. Id. at 1070-71. This is called a "Kelly stay." Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135.

A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. section 2244(d)(1). "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140-41. After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

Petitioner may request a Kelly stay and follow the three-step procedure above. First, Petitioner must file a First Amended Petition including only the exhausted Claim One and deleting his unexhausted Claims Two and Three. See id. at 1135. The Court will then stay and hold in abeyance the fully exhausted First Amended Petition and allow Petitioner the opportunity to exhaust the deleted Claims Two and Three in state court. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-00061-FMO (KK) | Date | January 15, 2016 |
|---|---|---|---|
| Title | Eric Hidalgo v. Neil McDowel | | |

# IV.
# ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed as a mixed petition by filing a written response **no later than February 5, 2016**. Petitioner must respond to this Order pursuant to one of the options listed above.

1) In order to select Option 1, Petitioner must file a response to this Order showing Claims Two and Three are exhausted.

2) In order to select Option 2, Petitioner must file a First Amended Petition that includes only the exhausted Claim One.

3) In order to select Option 3, Petitioner must (a) file a Motion for a <u>Kelly</u> stay, and (b) attach a proposed First Amended Petition that includes only the exhausted Claim One.

If Petitioner chooses Options 2 or 3, the First Amended Petition (a) must use the form provided and write "First Amended" above the words "Petition for Writ of Habeas Corpus"; and (b) must include the case number (CV 16-00061-FMO (KK)) in the space provided on the first page. Petitioner is advised that the First Amended Petition will supersede all preceding petitions. After amendment, the Court will treat all preceding petitions as nonexistent. Hence, the First Amended Petition must contain all claims Petitioner intends to present and be complete without reference to the Petition, or any other pleading, attachment, or document. **A copy of the Petition (dkt. 1) and a blank petition for writ of habeas corpus by a person in state custody form (CV-69) is attached for Petitioner's convenience.**

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition as a mixed petition. **Accordingly, Petitioner may select options in the alternative.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-00061-FMO (KK) | Date | January 15, 2016 |
|---|---|---|---|
| Title | Eric Hidalgo v. Neil McDowel | | |

      The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to comply with court orders and failure to prosecute.  <u>See</u> Fed. R. Civ. P. 41(b).

      **The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**